BARRY, Judge,
dissenting.
Plaintiffs appeal a $100 judgment based on the defendant innkeeper’s limited liability for loss of personal property under La. C.C. Art. 2971.[1]
Dr. and Mrs. Philip, guests at the Fair-mont-Roosevelt Hotel, reported the disappearance of Mrs. Philip’s engagement ring. The couple told hotel security officers they played golf most of the day and Mrs. Philip realized the ring was missing when she was deciding what jewelry to wear. The police were called and it was stipulated there was a police report on the alleged theft. Hotel security investigated but no one was apprehended and the ring was not found. Plaintiffs sued the hotel, its two security officers, and its insurer. Defendants denied negligence and tendered the statutory $100 maximum.
The trial court awarded $100 against the Fairmont as the depositary under La.C.C. Art. 2971 and dismissed the claim against the security officers. Plaintiffs’ appeal seeks the full amount of their loss.
A hotel security officer, Edward Bennet, testified that on his first contact with Mrs. Philip she told him and Michael Chatelain, the other security officer, that she lost her ring. She informed them the ring had a cracked band and she did not know whether she lost it playing golf earlier that day or if it had been taken from the room. Bennet said after Dr. Philip insisted she had placed the ring in a jewelry case in the dresser drawer, Mrs. Philip then agreed she probably had done so. Chatelain’s testimony corroborated Bennet.
The hotel security report did not state that Mrs. Philip might have lost her ring on the golf course, but Chatelain explained that the Director of Security, Vincent Lore, instructed him to include only what the guest (he thought Dr. Philip) stated. According to Chatelain, Mrs. Philip changed her story anyway.
Dr. and Mrs. Philip testified the ring was in the drawer the night before. Mrs. Philip *1142 stated she placed it in a tight pocket in the back corner (the last part) of a zipped jewelry case which also contained a $5,500 gold charm bracelet, a large gold ring valued at $650, and costume jewelry. This jewelry would easily be seen by anyone attempting to steal the engagement ring; however, it was not missing. Strangely, cash and traveler’s checks in a suitcase were not stolen either.
Mrs. Philip claims Bennet spoke to her alone on two later occasions and told her that hotel security had a maid as a suspect, but a trap to catch her backfired. Bennet testified his follow-up conversations with Mrs. Philip were to console her and the story about the suspect maid related to another case.
It is inconceivable that a thief stole the engagement ring and ignored the gold bracelet and ring worth $6,150 and cash in the suitcase. Both security officers testified Mrs. Philip said she lost the ring, then recanted at the insistence of her husband. Mrs. Philip’s candid testimony, especially as to the cracked ring band, raises the strong probability that she lost the ring while playing golf.
The record does not support a finding that plaintiffs proved the ring was stolen. To hold otherwise is clearly wrong.

. La.C.C. Art 2971: No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.
Provided that no guest shall be held bound by the limitation of value established in this Article unless this Article is conspicuously posted in the guest room.